UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1928 PSG (SPx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Ana Arias v. Ford Motor Company, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING IN PART the motion

Before the Court is Plaintiff Ana B. Arias's ("Plaintiff") motion for attorneys' fees, *see* Dkt. # 45 ("*Mot.*"). Defendant Ford Motor Company ("Defendant") opposes, and Plaintiff filed a reply. *See* Dkt. # 47 ("*Opp.*"); Dkt. # 49 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-18. After considering the moving papers, the Court **GRANTS IN PART** the motion for attorneys' fees.

I.     Background

On August 9, 2018, Plaintiff filed a Complaint in San Bernardino County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act ("the Act"). *See* Dkt. # 1-1 ("*Compl.*"). On September 10, 2018, Defendant removed the case to this Court. *See* Dkt. #1 ("*NOR*"). Plaintiff alleges that she purchased a 2015 Ford Explorer for a total of $55,432.03. *Mot.* 3. According to the Complaint and present Motion, after approximately seven months and just over 12,000 miles of ownership, and within the applicable warranty periods, the vehicle began exhibiting problems with the transmission. *See id.* Specifically, the transmission was not shifting smoothly. *See id.* Plaintiff repeatedly took the vehicle in for repairs and recalls, a total of five times in a period of one year, but the serious transmission problems persisted. *See id.* 3–4.

Plaintiff sought a buyback on several occasions, but Defendant refused each time. *See id.* 4–5. Plaintiff then filed this lawsuit, alleging willful violations of the Act. *See generally Compl.* Ford filed its answer denying all liability and then removed the case to this Court. *See generally NOR*. In December 2018, Defendant propounded requests for production of documents and special interrogatories on Plaintiff's counsel. *See Mot.* 6. In March and April 2019, Plaintiff's counsel drafted and revised initial disclosures and submitted a Rule 26(f) Joint Report. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1928 PSG (SPx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Ana Arias v. Ford Motor Company, et al. | | |

Also in April 2019, Plaintiff drafted and served written discovery on Defendant. *See id*. It reviewed and analyzed Defendant's responses to its discovery requests in July 2019. *See id*.

Plaintiff's counsel also took depositions and conducted investigations in connection with this case. In August 2019, Plaintiff's counsel attended an inspection of the vehicle and defended Plaintiff's deposition. *See id.* 7. In September and October 2019, Plaintiff's counsel deposed Defendant's dealership personnel and its expert witness. *See id.* Plaintiff added counsel from Witz Law firm in October 2019 in preparation for a December trial. *See id.* Plaintiff's counsel drafted motions in limine, joint witness and exhibit lists, joint jury instructions, a joint statement of stipulated facts, and a memorandum of contentions of facts and law. *See id.* On November 5, 2019, Defendant accepted Plaintiff's settlement offer of $135,281.14. *See id.*

Unable to reach a resolution on attorneys' fees and costs, the parties have filed motions before this Court. *See generally Mot.*; *Opp.* On December 9, 2019, Plaintiff filed the underlying Motion, seeking $62,268.75 in attorneys' fees based on a lodestar calculation of $41,512.50 and a 0.5 multiplier. *See generally Mot.*

II.   Legal Standard

State law governs attorneys' fees in diversity cases. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009) ("In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law"). The general rule followed for the recovery of attorneys' fees, also referred to as the "American Rule," is that each party bears their own attorneys' fees incurred in an action. *See Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. App. 4th 1252, 1257 (2006). However, a "prevailing party" may recover attorneys' fees if: (1) there is a contract that provides for an award of attorneys' fees; (2) the attorneys' fees award is authorized by statute; or (3) the attorneys' fees award is authorized by law. *See* Cal. Code Civ. Proc., §§ 1032(a)(4), 1033.5(a)(10); Cal. Civ. Code § 1717(a).

The Song-Beverly Act authorizes an award of "costs and expenses" to prevailing plaintiffs bringing a claim under the Act. Cal. Civ. Code § 1794(d). The "costs" awarded include "attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution" of the claim. *Id.* "A prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Goglin v. BMW of North Am., LLC*, 4 Cal. App. 5th 462 (2016). In order to meet this burden, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1928 PSG (SPx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Ana Arias v. Ford Motor Company, et al. | | |

buyer can point to "items on a verified cost bill" as "prima facie evidence" that the listed expenses were "necessarily incurred." *Rappenecker v. Sea-Land Service, Inc.*, 93 Cal. App. 3d 256, 266 (1979). The other party can then object to specific costs, putting the burden back on the buyer to demonstrate their necessity. *Id.*

Courts calculate attorneys' fees under § 1794(d) using the "lodestar adjustment method." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 784, 818 (2006). Under California law, the lodestar calculation "begins with a touchstone or lodestar, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney.'" *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131–32 (2001) (quoting *Serrano v. Priest*, 20 Cal. 3d 25, 48 (1977)). The court may then adjust this amount upwards or downwards based on a number of factors, including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id.* at 1132. In contingency cases, the initial lodestar figure may be adjusted upward in order to compensate attorneys for the risk of taking on a case for which they might not have been compensated. *Id.* at 1332–33. However, a fee enhancement may not be appropriate when a statutory guarantee eliminates any uncertainty about whether costs will be awarded to the prevailing party. *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1175 (1998).

III. Discussion

The parties do not dispute that Plaintiff, as the prevailing party in this action, is entitled to recoup reasonable attorneys' fees, costs, and expenses under the Song-Beverly Act. *See generally Opp*; Cal. Civ. Code § 1794(d). Instead, the question before the Court is whether Plaintiff's request for $62,268.75 in attorneys' fees is reasonable.[1] *See Mot.* 20; *see generally Opp*. Specifically, Defendant opposes Plaintiff's request based on what it views as Plaintiff's excessive hourly rates and hours billed. *See Opp.* 5–8. Defendant believes that the

---

[1] Plaintiff also filed an application with the clerk to tax costs, and Defendant filed an objection. *See* Dkt. # 44; Dkt. # 46. Because this application is before the clerk, not this Court, the Court does not analyze the reasonableness of Plaintiff's proposed costs. *See* L-R 54-2.4 ("No hearing on the application will be held unless the Clerk notifies the parties otherwise. After considering any objections to the proposed bill of costs and any responses thereto, the Clerk will electronically file the bill of costs annotated to identify all taxed costs. The Clerk's determination shall be final unless modified by the Court upon review under L.R. 54-2.5.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1928 PSG (SPx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Ana Arias v. Ford Motor Company, et al. | | |

Court should apply a negative loadstar multiplier to Plaintiff's loadstar calculation. *See id.* 9–10.

To calculate the "lodestar," the Court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). Plaintiff submitted the following rates and hours that it used to get to the lodestar calculation of $41,512.50:

| Name | Position | Hours | Requested Rate | Fees |
|---|---|---|---|---|
| Amy Morse | Partner | 19.9 | $ 350 | $ 6,965.00 |
| Christopher Urner | Associate | 3.7 | $ 325 | $ 1,202.50 |
| Constance Morrison | Of Counsel | 11.8 | $ 375 | $ 4,425.00 |
| Diba Alemi | Associate | 9.5 | $ 325 | $ 3,087.50 |
| Daniel Kalinowski | Associate | 14.1 | $ 250 | $ 3,525.00 |
| Heidi Alexander | Associate | 5.1 | $ 325 | $ 1,657.50 |
| Kristina Stephenson-Cheang | Unknown | 18.4 | $ 375 | $ 6,900.00 |
| Maite Colón | Associate | 4.0 | $ 275 | $ 1,100.00 |
| Mitchell Rosensweig | Associate | 5.2 | $ 325 | $ 1,690.00 |
| Mark R. Berns | Unknown | 15.3 | $ 350 | $ 5,355.00 |
| Steve Mikhov | Partner | 3.7 | $ 550 | $ 2,035.00 |
| Richard M. Wirtz | Managing Attorney | 1.9 | $ 650 | $ 1,235.00 |
| Amy R. Rotman | Senior Attorney | 2.1 | $ 450 | $ 945.00 |
| Erin K. Barns | Senior Attorney | 0.2 | $ 450 | $ 90.00 |
| Andrea Munoz | Paralegal | 2.0 | $ 200 | $ 400.00 |
| Rebecca Evans | Paralegal | 4.5 | $ 200 | $ 900.00 |
| | **Total** | **122.4** | | **$ 41,512.50** |

*See Declaration of Steve Mikhov*, Dkt. # 45-2 ("*Mikhov Decl.*"), Ex. A; *Declaration of Richard M. Wirtz*, Dkt. # 45-3 ("*Wirtz Decl.*"), Ex. A. The Court evaluates these rates, hours, and the appropriateness of any lodestar multiplier in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1928 PSG (SPx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Ana Arias v. Ford Motor Company, et al. | | |

### A. Reasonable Hourly Rate

The reasonable hourly rate is the rate prevailing in the community for similar work. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("[T]he court must compute the fee award using an hourly rate that is based on the prevailing market rates in the relevant community."); *Viveros v. Donahue*, No. CV 10-08593 MMM (Ex), 2013 WL 1224848, at *2 (C.D. Cal. Mar. 27, 2013) ("The court determines a reasonable hourly rate by looking to the prevailing market rate in the community for comparable services."). The relevant community is the community in which the court sits. *See Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community. *See, e.g.*, *Viveros*, 2013 WL 1224848, at *2; *Ashendorf & Assocs. v. SMI-Hyundai Corp.*, No. CV 11-02398 ODW (PLAx), 2011 WL 3021533, at *3 (C.D. Cal. July 21, 2011); *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519 MMM (RZx), 2009 WL 605789, at *5 (C.D. Cal. Mar. 9, 2009).

Here, Plaintiff's counsel seeks rates ranging between $200 and $650. *See generally Mikhov Decl.*, Ex. A; *Wirtz Decl.*, Ex. A. Defendant argues that a $250 blended rate is reasonable. *See Opp.* 18–20. The Court turns to the *2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices* ("Real Rate Report") as a useful guidepost to assess the reasonableness of these hourly rates in the Central District. *See Eksouzian v. Albanese*, No. CV 13-728 PSG (AJWx), 2015 WL 12765585, at *4–5 (C.D. Cal. Oct. 23, 2015). The Real Rate Report identifies attorney rates by location, experience, firm size, areas of expertise and industry, as well as specific practice areas, and is based on actual legal billing, matter information, and paid and processed invoices from more than eighty companies. *See Hicks v. Toys 'R' Us-Del., Inc.*, No. CV 13-1302 DSF JCG, 2014 WL 4670896, at *1 (C.D. Cal. Sept. 2, 2014). Courts have found that the Real Rate Report is "a much better reflection of true market rates than self-reported rates in all practice areas." *Id.*; *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1258 (D. Nev. 2014) (considering the Real Rate Report); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 433 (S.D.N.Y. 2012) (same).

The 2018 Real Rate Report offers several relevant data points for fees in the Central District. In Los Angeles, partners practicing general litigation have an hourly rate ranging from $220 to $715, and associates from $175 to $425. *See Real Rate Report* at 87. However, more relevant to Plaintiff's counsel's area of practice, partners litigating consumer goods cases nationwide have a lower average hourly rate of between $254 and $350, and associates between $205 and $265. *See id.* at 44. Paralegals working on consumer litigation cases bill between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1928 PSG (SPx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Ana Arias v. Ford Motor Company, et al. | | |

$120 and $240 per hour. *See id.* at 14. Thus, counsel's requested rate of between $350 and $650 for partners and between $250 and $450 for associates outpaces the prevailing rate for similar work. *See id.*; *Mihozik Decl.*, Ex. A; *Wirtz Decl.*, Ex. A. As such, the Court adjusts the rate for partners, including Morrison, Stephenson-Cheang, and Berns, to $325 across the board, and associates, including Rotman and Barnes, to $225. Because the requested rate for paralegals is consistent with similar work, the Court leaves it undisturbed. The Court finds these rates appropriate because they fall within the wide range of rates that litigators generally charge in Los Angeles, while also reflecting the usual rate for Plaintiff's counsel's area of specialty.

    B.    <u>Reasonable Hours Expended</u>

An attorneys' fee award should include compensation for all hours reasonably expended prosecuting the matter, but "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "[T]he standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

Defendant argues that Plaintiff's counsel's hours are unreasonable on several grounds. First, Defendant points to several duplicative tasks that Plaintiff's counsel billed for, including having multiple attorneys review an identical document. *See Opp.* 7:12–23. Defendant also questions the amount of time that Plaintiff's counsel billed for rote tasks, given that Plaintiff merely filed form documents that its counsel uses in the hundreds of lemon law cases that it has filed against Defendant. *See id.* 7:24–8:11. Finally, Defendant believes that the hours Plaintiff billed for this motion were excessive. *See id.* 8:12–17. Plaintiff counters that its counsel's practice of having multiple attorneys perform specialized tasks throughout the case, with senior attorneys like Mikhov playing a supervisory role, increases efficiency. *See Reply* 6:18–7:14. In response to Defendant's argument about the hours expended on this motion, Plaintiff argues that the time spent is reasonable given its complexity. *See id.* 7:15–8:3.

After reviewing the billing records, the Court finds that an adjustment is warranted based on the hours that Plaintiff's counsel billed for the Rule 30(b)(6) deposition and filing this motion. The Court agrees with Defendant producing both a memorandum and deposition summary after a deposition is duplicative and thus reduces Stephenson-Cheang's hours by two. *See Mikhov Decl.*, Ex. A 4–5. When including the anticipated time spent attending a hearing, Plaintiff's counsel also requests 15.3 hours exclusively arising from the filing of the underlying motion. This figure represents almost 13 percent of the total number of hours billed over the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1928 PSG (SPx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Ana Arias v. Ford Motor Company, et al. | | |

course of the litigation. "The request is overreaching" given that the motion is rather straightforward. *See Negrete v. Ford Motor Co.*, No. EDCV 18-1972 DOC (KKx), 2019 WL 4221397, at *4 (C.D. Cal. June 5, 2019) (finding the plaintiff's counsel's hours unreasonable in a lemon law case when 17 percent of the hours were spent on an attorneys' fees motion). As such, the Court will reduce Berns' hours by seven, which is reasonable given that it will not hold a hearing on this motion.

      C.      <u>Lodestar Multiplier</u>

The Court now evaluates whether a lodestar multiplier should be awarded and considers: (1) the complexity of the case and procedural demands, (2) the extent to which the nature of the litigation precluded other employment by the attorneys, and (3) the contingent nature of the fee award. *See Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 34 (2019).

Plaintiff argues a 0.5 multiplier is appropriate due to the risk of taking this case on a contingent fee basis and the delay in payment from Defendant since August 2018. *See Mot.* 18. Defendant argues for a negative multiplier that would reduce the award of attorneys' fees because (1) there was no novelty in this claim; (2) the litigation did not preclude other employment; and (3) there was very little contingent risk because the Song-Beverly Act is a fee-shifting statute. *See Opp.* 10.

The Court does not believe that a positive or negative multiplier is warranted in this case. The Court declines to apply a negative multiplier because it implicitly considered Defendant's arguments for doing so when it adjusted Plaintiff's counsel's hourly rates to make them consistent with the Real Rate Report, which reflects the usual rates in the community for similar work. *See Eksouzian*, 2015 WL 12765585, at *4–5. At the same time, the Court does not find that Plaintiff's counsel deserves a lodestar multiplier. The Court does not find any issues that were particularly novel or complex nor any special skill employed. The parties exchanged discovery, Plaintiff's counsel took depositions, and the parties settled the case before proceeding to trial. Furthermore, Plaintiff did not forgo any other employment for this case and in fact seems to engage in dozens of lemon law matters at once. *See Mikhov Decl.* ¶¶ 20–29. Accordingly, the Court does not find the first two factors weigh in favor of an upward departure.

Lastly, a contingent fee agreement only favors an upward departure when there is an "uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson*, 144 Cal. App. 4th at 819. Here, the Song-Beverly Act statutorily authorizes an award of attorney's fees to a party prevailing on its claim. Given that Plaintiff's counsel regularly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | EDCV 18-1928 PSG (SPx) | | Date | January 27, 2020 |
| Title | Ana Arias v. Ford Motor Company, et al. | | | |

undertakes this type of work, the Court does not find that counsel reasonably faced an uncertainty of prevailing on the merits. *See Mikhov Decl.* ¶¶ 20–29. Thus, this factor does not persuasively weigh in favor of an upward departure.

D. Summary

After adjusting the hourly rates, hours expended, and assessing whether a multiplier is appropriate, the Court believes the following fees are warranted:

| Name | Position | Adjusted Hours | Adjusted Rate | Adjusted Fees |
|---|---|---|---|---|
| Amy Morse | Partner | 19.9 | $ 325 | $6,467.50 |
| Christopher Urner | Associate | 3.7 | $ 225 | $832.50 |
| Constance Morrison | Of Counsel | 11.8 | $ 325 | $3,835.00 |
| Diba Alemi | Associate | 9.5 | $ 225 | $2,137.50 |
| Daniel Kalinowski | Associate | 14.1 | $ 225 | $3,172.50 |
| Heidi Alexander | Associate | 5.1 | $ 225 | $1,147.50 |
| Kristina Stephenson-Cheang | Unknown | 16.4 | $ 325 | $5,330.00 |
| Maite Colón | Associate | 4.0 | $ 225 | $900.00 |
| Mitchell Rosensweig | Associate | 5.2 | $ 225 | $1,170.00 |
| Mark R. Berns | Unknown | 8.3 | $ 325 | $2,697.50 |
| Steve Mikhov | Partner | 3.7 | $ 325 | $1,202.50 |
| Richard M. Wirtz | Managing Attorney | 1.9 | $ 325 | $617.50 |
| Amy R. Rotman | Senior Attorney | 2.1 | $ 225 | $472.50 |
| Erin K. Barns | Senior Attorney | 0.2 | $ 225 | $45 |
| Andrea Munoz | Paralegal | 2.0 | $ 200 | $400 |
| Rebecca Evans | Paralegal | 4.5 | $ 200 | $900 |
| | **Total** | **112.4** | | **$31,327.50** |

While counsel obtained a positive result for Plaintiff, the Court declines to apply a lodestar multiplier in light of all the circumstances. The Court therefore **GRANTS** attorneys' fees in the amount of **$31,327.50**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 18-1928 PSG (SPx) | Date | January 27, 2020 |
|---|---|---|---|
| Title | Ana Arias v. Ford Motor Company, et al. | | |

IV.　Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** Plaintiff's motion for attorneys' fees in the amount of **$31,327.50**.

**IT IS SO ORDERED.**